UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACK W. REYNOLDS,              )  | |
|                                )  | |
|     Petitioner      )  | |
|                                )  | |
| v.                             )  | No. 3:05cv0524AS |
|                                )  | |
| EDWARD BUSS,                   )  | |
|                                )  | |
|     Respondent      )  | |

*MEMORANDUM OPINION AND ORDER*

On or about August 25, 2005, *pro se* petitioner, Jack W. Reynolds, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on December 21, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). A few days later the state court record was filed and has been examined here. The petitioner filed a reply and motion on March 14, 2006, which this court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. He is serving a 60-year sentence imposed in 2001 in Marion County, Indiana on two counts of criminal confinement, attempted robbery, criminal deviate conduct and burglary. The matter was taken up by the Court of Appeals of Indiana which entered an opinion on August 19, 2002 authored by Judge Kirsch and concurred in by Chief Judge

Brook and Judge Darden. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. The petitioner did not seek transfer to the Supreme Court of Indiana.

On December 15, 2004, the Court of Appeals of Indiana entered another unpublished memorandum opinion relating to post-conviction relief. Said opinion was authored by Judge May and concurred in by Judges Sharpnack and Bailey. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "B", attached hereto and incorporated herein. Transfer was sought on that opinion to the Supreme Court of Indiana and such was denied on February 17, 2005. The filing date here is on or about September 26, 2005, and this petitioner is entitled to any benefits under *Houston v. Lack,* 487 U.S. 266 (1988).

Certainly the decision of the Court of Appeals of Indiana is entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), unless the petitioner sustains burden of rebutting that presumption by clear and convincing evidence which he has failed to do. The guilt of this petitioner was established by a jury in Indianapolis, Indiana on September 17, 2001 which also found him to be a habitual offender. Sentencing was as above indicated.

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See*

2

*also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).  Of some moment here are the twin unanimous decisions of the Supreme Court of the United States entered the same day.  *See Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002).  Most recently, *see Charlton v. Davis*, No. 05-2029 (7th Cir. February 28, 2006).

The issue with regard to so-called self-representation can be of constitutional consequence.  *See Faretta v. California*, 422 U.S. 806 (1975).  However, it simply has to been presented to the state courts and is the subject of procedural default.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  Another claim made by this petitioner, namely the ineffective assistance of trial counsel in the state court has indeed been considered by the state court and found to be without merit there.  *See Davis v. Vannatta*, No. 04-2349 (&th Cir. February 9, 2006).

A similar claim with regard to the ineffective assistance of appellate counsel fails under *Strickland v. Washington*, 466 U.S. 668 (1984) and more recently under *Sanders v. Cotton*, 398 F.3d 574 (7th Cir. 2005).  *See also  Lee v. Davis*, 328 F.3d 896 (7th Cir. 2003). The Indiana Court of Appeals found that appellate counsel had performed effectively in choosing the claim to present on appeal.  Such is labeled as a strategic decision.  No harm has been shown with regard to the failure of counsel to file a motion to correct errors in the state trial court.  The issues with regard to identification by witnesses and jury instructions are simply foreclosed by procedural default.

This court has looked carefully at Mr. Reynolds' filings of March 14, 2006.  With

regard to his motion with reference to the state court trial and post-conviction proceedings, it is the understanding of this court that those have been filed under dates of December 21, 2005 and December 27, 2005, and are available for examination before the court.  This court and that examination has taken place.

With all deference, this court certainly must be impressed with the sheer volume of the presentation made by Mr. Reynolds in his reply and traverse.  In all candor and not in any disrespect, however, much of the presentation is merely a re-argument of issues considered and decided by the state courts with the further understanding that a good many of the issues attempted to be raised here were not raised there appropriately.

When this matter is looked at in its totality, there is no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  March 16, 2006

                                            S/ ALLEN SHARP
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**